

# The Attorney General of Texas

December 31, 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Kenneth H. Ashworth
Commissioner
Coordinating Board
Texas College & University System
200 E. Riverside Drive
Austin, Texas   78704

Opinion No. MW-566

Re:  Whether Senate Bill No. 118 of the Sixty-seventh Legislature applies to public community junior colleges

Dear Mr. Ashworth:

You ask two questions regarding Senate Bill No. 118 enacted by the Sixty-seventh Legislature.  Acts 1981, 67th Leg., ch. 16, at 21. This bill, codified as article 6813e, V.T.C.S., provides in part:

> Sec. 2.  A state governmental body may not make a deduction from the compensation paid to an officer or employee whose compensation is paid in full or in part from state funds unless the deduction is authorized by law.

You first ask whether article 6813e applies to public community junior colleges.

This statute defines "state governmental body" in part as follows:

> (1)  a board, commission, department, office, or other agency that is in the executive branch of state government and that was created by the constitution or a statute of the state, including an institution of higher education as defined by Section 61.003, Texas Education Code, as amended....

Section 61.003 of the Texas Education Code defines "institution of higher education" to include "any public junior college." Article 6813e therefore applies to officers and employees of public community junior colleges whose compensation is paid in full or part from state funds.

You next ask whether article 6813e, V.T.C.S., prohibits deductions from the compensation of public community junior college officers or employees when the deduction is for personal savings or indebtedness and is forwarded to a credit union or bank.

The answer to your question depends on whether this kind of transaction involves "a deduction from the compensation paid" to the officer or employee. "Deduction" is defined by the dictionary as "something that is or may be subtracted," for example, deductions from taxable income. Webster's New Collegiate Dictionary 293 (1980). We believe article 6813e, V.T.C.S., applies to any amount subtracted from an employee's paycheck representing take-home pay. Thus, article 6813e, V.T.C.S., would prohibit deductions from the compensation of public community junior college officers and employees when the deduction is for personal savings or indebtedness to be forwarded to a credit union or bank.

A brief submitted to this office suggests that article 6813e does not apply to deductions which merely constitute a different form of payment to an employee, such as payment of a portion of his salary to his credit union account. However, there are currently on the books statutes which effectively offer a different form of payment to the employee. Article 6252-3b, V.T.C.S., allows public employees to participate in deferred compensation plans. Even though the employee will ultimately receive the money, the legislature considered it necessary to enact a statute authorizing state officers to defer an employee's compensation.

The legislative history reveals some discussion of the deposit of an entire paycheck in the employee's credit union account. Senate Floor Tape 1, side 1, Senate Bill No. 118, 2d Reading. Feb. 23, 1981. However, the discussion did not cover the transfer of a portion of the employee's check to his savings account. The distinction between "deduction" and deposit of a paycheck in a financial institution is illustrated by section (3) of article 4344b, V.T.C.S., enacted by the same legislature which enacted article 6813e, V.T.C.S. This statute concerns the direct deposit of payroll warrants by magnetic tape transfer. See Attorney General Opinions MW-333 (1981); MW-213 (1980). Article 4344b provides in part:

> (3) Notwithstanding the provisions of any other statute, the Comptroller of Public Accounts may establish and operate an electronic funds transfer system to transfer directly into their accounts in financial institutions only: (i) employees' gross state salaries less deductions specifically authorized by state or federal law or reimbursement for travel and subsistence of employees and (ii) payments of annuitants by the Employees Retirement System of Texas or the Teacher Retirement System of Texas under either system's administrative jurisdiction. An authorized payee must request in writing to participate in any electronic funds transfer system established and operated by the Comptroller of Public Accounts. A single transfer may contain

> payments to multiple payees without the necessity of issuing individual warrants for each payee. The Comptroller shall establish procedures for administering the system and may use the services of financial institutions, automated clearinghouses, and the federal government. The use of electronic funds transfer or any other payment means does not create any rights that would not have been created had an individual state warrant been used as the payment medium. The State Treasurer may not make payment of a state employee's salary before the last working day of the payroll period. (Emphasis added).

Acts 1981, 67th Leg., ch. 253, at 632. Thus, the legislature authorized deposit of the employee's salary less deductions specifically authorized by law. We believe the transfer of a portion of the employee's salary to his savings account would constitute a deduction within article 6813e.

You also ask whether section 2.07 of the Education Code provides authority for such salary deductions. This statute provides in part:

> (b) Any teacher's or school employee's assignment, pledge, or transfer of his salary or wages as security for indebtedness -- or any interest or part of his salary or wages -- then due or which may become due under an existing contract of employment shall be enforceable only under the following conditions:

> (1) Before or at the time of execution, delivery, or acceptance of an assignment, pledge, or transfer, written approval must be obtained from the employing authority or officer, and if the teacher or school employee executing the instrument is employed by:

> ....

> (C) a college, university, or any other educational institution, approval of his assignment, pledge, or transfer must be obtained from the salary disbursement officer of the college, university, or other educational institution;

> (2) Any assignment, pledge, or transfer must be in writing and acknowledged as

required for the acknowledgement of deeds or other recorded instruments, and if executed by a married person, it must also be executed and acknowledged in a like manner by his or her spouse; however, the employer approving an assignment, pledge, or transfer need not acknowledge it; and

(3) An assignment, pledge, or transfer shall be enforceable only to the extent that the indebtedness it secures is a valid and enforceable obligation.

The predecessor of this statute has been held to authorize salary deductions from teachers' salaries as security for indebtedness pursuant to the teacher's assignment of salary. Attorney General Opinions O-4033, O-3474 (1941); O-2141 (1940). See also Attorney General Opinion M-613 (1970). If an officer or employee has made an assignment of salary for an indebtedness to a bank or credit union, we believe section 2.07 would authorize salary deductions to pay that indebtedness. However, we do not believe section 2.07 authorizes deductions for the purpose of payments into the employee's savings account. Section 2.07 permits assignments as security for indebtedness, that is, to pay an obligation to a third party. See Trevino v. Trevino, 555 S.W.2d 792 (Tex. Civ. App. - Corpus Christi 1977, no writ) (defining debt). Payment to the employee's own account does not involve an obligation to a third party.

S U M M A R Y

Public community junior colleges are subject to 6813e, V.T.C.S., which prohibits deductions from the compensation of public officers and employees unless authorized by law. Article 6813e applies to deductions for personal savings or indebtedness. Section 2.07 of the Texas Education Code authorizes deductions from the salaries of employees and officers of such institutions for indebtedness to be forwarded to a credit union or bank, but does not authorize such deductions for personal savings.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Susan L. Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Roxanne Caperton
Rick Gilpin
Patricia Hinojosa
Jim Moellinger
Bruce Youngblood